**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES KETTLE, | ) 1:06cv1156 AWI DLB P |
| | ) |
| Plaintiff, | ) ORDER REQUIRING PLAINTIFF TO EITHER |
| | ) FILE AMENDED COMPLAINT OR NOTIFY |
| v. | ) COURT OF WILLINGNESS TO PROCEED |
| | ) ONLY ON FOURTH AMENDMENT CLAIM |
| CITY OF MODESTO, et al., | ) AGAINST DEFENDANT BANKS, WITHIN |
| | ) THIRTY DAYS |
| Defendants. | ) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action. Plaintiff filed an amended complaint on December 21, 2006. He names the City of Modesto, Modesto Police Department and Detective Banks as Defendants.

<u>DISCUSSION</u>

A.   <u>Screening Standard</u>

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to

1  state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint
2  can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).
3      A complaint, or portion thereof, should only be dismissed for failure to state a claim upon
4  which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in
5  support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding,
6  467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v.
7  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a
8  complaint under this standard, the court must accept as true the allegations of the complaint in
9  question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the
10 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.
11 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

12 B.    Plaintiff's Allegations

13     Plaintiff's amended complaint seeks damages for an allegedly unconstitutional search and
14 seizure. According to the amended complaint, on October 25, 2004, Plaintiff was arrested and
15 charged with misuse of personal identifying information and possession of a forged driver's
16 license. Plaintiff alleges that on November 2, 2004, defendant Banks went to his friend's
17 business and without a warrant, seized plaintiff's property in the amount of $80,000.00 in
18 addition to funds in the amount of $15,600.00.

19     Plaintiff contends that on January 5, 2005, Judge Marie Silveira issued an order requiring
20 the return of all property seized by defendant but defendants have refused to release plaintiff's
21 property.

22 C.    Section 1983 Claims

23     The Civil Rights Act under which this action was filed provides:
24         Every person who, under color of [state law] . . . subjects, or causes
           to be subjected, any citizen of the United States . . . to the
25         deprivation of any rights, privileges, or immunities secured by the
           Constitution . . . shall be liable to the party injured in an action at
26         law, suit in equity, or other proper proceeding for redress.

27 42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between
28 the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See

Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of plaintiff's federal rights.

A local government unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability. Monell v. Department of Social Services, 436 U.S. 658, 691 (1978); Webb v. Sloan, 330 F.3d 1158, 1163-64 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175, 1185 (9th Cir. 2002). Rather, a local government unit may only be held liable if it inflicts the injury complained of. Gibson, 290 F.3d at 1185.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

Plaintiff has failed to allege that a deliberate policy, custom or practice led to the violation of his constitutional rights and therefore he fails to state a cognizable claim for relief against defendants City of Modesto and the Modesto City Police Department.

As to Defendant Banks, the amended complaint appears to state a claim against him based on a Fourth Amendment violation.

D.   Conclusion

Plaintiff's amended complaint states a cognizable claim under section 1983 against defendant Banks for violation of his rights under the Fourth Amendment.  However, the amended complaint does not state a cognizable against the City of Modesto or the Modesto Police Department.  The court will provide plaintiff with the opportunity to file an amended complaint, if plaintiff wishes to do so.

If plaintiff does not wish to file an amended complaint and wishes to proceed against defendant Banks on his Fourth Amendment claim only, plaintiff may so notify the court in writing.  The court will then issue a Findings and Recommendations recommending that defendants City of Modesto and the Modesto City Police Department be dismissed from this action, and will forward plaintiff one summons and one USM-285 form to fill out and return to the court.  Upon receipt of these documents, the court will direct the United States Marshal to initiate service of process on defendant Banks.

In the event that plaintiff does wish to amend his complaint, plaintiff is advised Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed

1  deprivation. <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir.
2  1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).
3     Based on the foregoing, it is HEREBY ORDERED that:
4     1.   The Clerk's Office shall send plaintiff a civil rights complaint form;
5     2.   Within **thirty (30) days** from the date of service of this order, plaintiff must
6          either:
7          a.   File an amended complaint curing the deficiencies identified by the court
8               in this order, or
9          b.   Notify the court in writing that he does not wish to file an amended
10              complaint and wishes to proceed only against defendant Banks on his
11              Fourth Amendment claim; and
12    3.   If plaintiff fails to comply with this order, this action will be dismissed for failure
13         to obey a court order.

   IT IS SO ORDERED.

   Dated:   **October 25, 2007**              **/s/ Dennis L. Beck**
                                      UNITED STATES MAGISTRATE JUDGE

5