# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES KETTLE, | ) 1:06cv1156 AWI DLB |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION<br>) REGARDING DISMISSAL OF DEFENDANTS<br>) CITY OF MODESTO AND MODESTO |
| v. | ) POLICE DEPARTMENT |
| | ) |
| CITY OF MODESTO, et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

## **BACKGROUND**

Plaintiff Charles R. Kettle, Sr. ("Plaintiff") is proceeding pro se and in forma pauperis in this civil rights action. He filed his original complaint on August 11, 2006, and an amended complaint on December 21, 2006. His amended complaint named the City of Modesto, the Modesto Police Department and Detective Banks as Defendants. Plaintiff alleged that Defendant Banks conducted and unconstitutional search and seizure on November 2, 2004.

On October 26, 2007, the Court issued an order requiring Plaintiff to either file an amended complaint, or notify the Court of his willingness to proceed only on the Fourth Amendment claim against Defendant Banks, within thirty days. The Court explained that while he stated a Fourth Amendment claim against Defendant Banks, he did not state a claim against the City of Modesto or the Modesto Police Department.

Plaintiff failed to respond within thirty days and the Court issued Findings and Recommendation that the action be dismissed for his failure to follow the Court's order. Plaintiff eventually submitted a notice of change of address, and his deadline for complying with the Court order was extended.

On April 28, 2008, Plaintiff filed the instant second amended complaint. He names Detective Banks, the City of Modesto and the Modesto Police Department as Defendants.

## DISCUSSION

A.   Screening Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2); 28 U.S.C. § 1915(e)(2). If the Court determines that the complaint fails to state a claim, leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) (en banc).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

B.     Plaintiff's Allegations

Plaintiff again alleges that he was subject to a warrantless search on November 2, 2004. Despite the Court's prior instructions on stating a claim against the City of Modesto and the Modesto Police Department, Plaintiff did not allege the necessary elements.

Generally, a claim against a local government unit for municipal or county liability requires an allegation that "a deliberate policy, custom, or practice . . . was the 'moving force' behind the constitutional violation . . . suffered." Galen v. County of Los Angeles, 477 F.3d 652, 667 (9th Cir. 2007); City of Canton, Ohio, v. Harris, 489 U.S. 378, 385 (1989). Alternatively, and more difficult to prove, municipal liability may be imposed where the local government unit's omission led to the constitutional violation by its employee. Gibson at 1186. Under this route to municipal liability, the "plaintiff must show that the municipality's deliberate indifference led to its omission and that the omission caused the employee to commit the constitutional violation." Id. Deliberate indifference requires a showing "that the municipality was on actual or constructive notice that its omissions would likely result in a constitutional violation." Id.

Plaintiff does not make any allegations against the City of Modesto or the Modesto Police Department. He has been given an opportunity to fix this deficiency, but has failed to do so in his April 28, 2008, amended complaint. It therefore appears that Plaintiff is unable to allege sufficient facts to state a claim against the City of Modesto and the Modesto Police Department, and the Court recommends that they be DISMISSED from this action.[1]

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that Defendants City of Modesto and the Modesto Police Department be DISMISSED FROM THIS ACTION.

These Findings and Recommendation are submitted to the Honorable Anthony W. Ishii pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendation, Plaintiff may file written objections with the

---

[1] By separate order, Plaintiff has been given a final opportunity to amend his Fourth Amendment claim against the individual officer/detective.

Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   February 9, 2009**              /s/ **Dennis L. Beck**
                                           UNITED STATES MAGISTRATE JUDGE